**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**RIAZUL HAQ CHOWDHARY,**

                Petitioner,        14 Cv. 6078 (JGK)
                                                   11 Cr. 859 (JGK)
    - against -

                                                       **MEMORANDUM OPINION AND**
**UNITED STATES OF AMERICA,**                  **ORDER**

                RESPONDENT.
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    On January 22, 2015, this Court issued a Memorandum Opinion and Order denying the petitioner's motion to vacate, alter, or amend his guilty plea, sentence, and judgment of conviction under 18 U.S.C. § 2255. See Chowdhary v. United States, No. 11 CR. 859, 2015 WL 273728, at *1 (S.D.N.Y. Jan. 22, 2015). The Court found that the petitioner had knowingly and voluntarily pleaded guilty, for which he received a sentence primarily of time served. The Court held that the petitioner had waived his right to seek collateral review under 18 U.S.C. § 2255, that his petition was untimely, and that, in any event, his underlying claim for ineffective assistance of counsel was without merit. Therefore, the Court denied the motion.

    The Court has received a letter from the petitioner requesting further consideration of his case. The letter highlights several circumstances of the petitioner's underlying

crime and guilty plea, among other things. The Court will file the letter under seal and construe the letter as a motion for reconsideration.

"The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (citation and internal quotation marks omitted). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly...." Anwar v. Fairfield Greenwich Ltd., 800 F.Supp.2d 571, 572 (S.D.N.Y. 2011) (internal citation and quotation marks omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted); see also Assured Guar. Mun. Corp. v. RBS Sec. Inc., No. 13cv2019, 2014 WL 1855766, at *1 (S.D.N.Y. May 8, 2014).

The petitioner has failed to show that there were any issues of fact or controlling law that the Court overlooked. The petitioner's letter reiterates some of the arguments made in his original motion, and does not identify any basis for reconsideration.

The petitioner has not shown there was any clear error to correct or that there is any manifest justice to prevent in the Court's previous decision.  The petitioner's motion is therefore **denied**.

CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the petitioner's motion is **denied**.

**SO ORDERED.**

**Dated:    New York, New York
           March 11, 2015**               _____/s/_____
                                                **John G. Koeltl
                                          United States District Judge**